### IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NICHOLAS BASSEN, et al., | ) |
|     Plaintiffs, | ) |
| v. | ) No. 23-211C |
| | ) (Judge Dietz) |
| THE UNITED STATES, | ) |
|     Defendant. | ) |

### REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS

Pursuant to Rule 7 of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully submits this reply in support of our motion to stay further proceedings in this case for 60 days.

In their response, plaintiffs make three arguments as to why the case should not be stayed. None of them are persuasive. First, plaintiffs argue that we have not proffered any justification for a stay. Specifically, plaintiffs argue that implementing an executive order is "nothing more than a statement about the fact that the government has to do the same thing it does every time a new Executive Order is issued by a President." Resp. at 3. Plaintiffs disregard that the Executive Order at issue may end the need for any further litigation in this matter. Further, we do not seek an indefinite stay – we seek a stay of 60 days so that neither the Court nor the parties expend unnecessary resources litigating a case that might be resolved without the need for any Court intervention. The Executive Order will almost certainly impact the rights of some or all plaintiffs that are at issue in this litigation, and thus understanding how the Executive Order affects this case promotes the just, speedy, and inexpensive resolution of this case. RCFC 1; *see also Continental Servs. Grp., Inc. v. United States*, 132 Fed. Cl. 157, 158 (2017) (granting

a stay that may "preserve judicial resources without prejudicing the interest of any of the parties").

Second, plaintiffs argue there is nothing to stay because the parties have completed briefing.  Resp. at 4.  That briefing has completed on our cross-motions for judgment on the administrative record does not mean there will be no further proceedings in this case.  Indeed, the Court might elect to hold argument.  Even if the Court chooses not to, the cross-motions remain pending and ripe for a decision, and thus there are further proceedings to be stayed.

Third, plaintiffs argue that a stay is not warranted because we have not explained how the Executive Order applies to the plaintiffs in this case.  That is exactly why we are seeking a stay – to determine how the Executive Order impacts plaintiffs' claims for relief.  The Department of Defense has already begun issuing guidance to effectuate the Executive Order, and we expect more guidance to come within 60 days.  That guidance will inform what, if any, further proceedings are required in this case.  Plaintiffs rely heavily on the Court's denial of our stay motion in *Harkins v. United States*, No. 23-1238 (Fed. Cl.), but that case is in a completely different procedural posture.  In that case, the Court had held argument and issued a decision prior to the Executive Order.  The Court remanded some claims of some plaintiffs, and the Court determined that the remand procedures could coincide with implementation of the Executive Order without causing unnecessary litigation for the parties.  Here, no decision has been reached, and thus the same rationale does not apply.

Further, we note that plaintiffs do not even attempt to articulate any prejudice they will suffer from a stay.  The stay may result in plaintiffs receiving the very relief they seek in this case without the need for the court or the parties to expend additional time and expense.  At the

2

very least, the stay will allow the parties to understand how the Executive Order impacts this litigation and how to most efficiently resolve any issues that remain after its implementation.

For these reasons, we respectfully request that the Court grant this motion to stay proceedings for a period of 60 days, at which point the Government will file a status report updating the Court as to appropriate next steps in this case.

                                              Respectfully submitted,

                                              BRETT A. SHUMATE
                                              Acting Assistant Attorney General

                                              PATRICIA M. McCARTHY
                                              Director

                                              <u>s/ William J. Grimaldi</u>
                                              WILLIAM J. GRIMALDI
                                              Assistant Director

                                              <u>s/ Kyle S. Beckrich</u>
                                              KYLE S. BECKRICH
                                              Trial Attorney
                                              Commercial Litigation Branch
                                              Civil Division
                                              U.S. Department of Justice
                                              P.O. Box 480
                                              Ben Franklin Station
                                              Washington, D.C. 20044
                                              Tel: (202) 616-9322
                                              Fax: (202) 305-7644
                                              Kyle.Beckrich@usdoj.gov

Dated: February 13, 2025                      Attorneys for Defendant