# In the United States Court of Federal Claims

No. 23-211
(Filed: March 30, 2026)

```
**************************************
NICHOLAS BASSEN, et al.,            *
                                    *
              Plaintiffs,           *
                                    *
      v.                            *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
**************************************
```

## ORDER

This case was originally brought on February 13, 2023, by six named plaintiffs on behalf of themselves and other similarly situated service members asserting Military Pay Act claims against the Army, Air Force/Space Force, Navy, and Marine Corps, following the Secretary of Defense's 2021 COVID-19 vaccine mandate. Compl. [ECF 1]. The plaintiffs amended their complaint on July 14, 2023, adding four additional plaintiffs. First Am. Compl. [ECF 17]. On August 4, 2023, the Court granted the plaintiffs' unopposed motion to file the previously docketed first amended complaint, Order [ECF 20], and the plaintiffs filed their first amended complaint the same day, First Am. Compl. [ECF 21].

On August 25, 2023, the government moved to dismiss the first amended complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss [ECF 22]. On May 2, 2024, after oral argument, the Court granted-in-part and denied-in-part the government's motion, dismissing certain claims and allowing other claims to proceed. *Bassen v. United States*, 171 Fed. Cl. 273, 278-79 (2024). On August 16, 2024, the plaintiffs filed a motion for judgment on the administrative record ("MJAR") or in the alternative, a motion for summary judgment. Pls.' MJAR/MSJ [ECF 43]. The government filed a cross-MJAR on October 15, 2024. Gov.'s Cross-MJAR [ECF 50].

On February 19, 2025, the Court granted the government's motion to stay the case for sixty days so the Department of Defense could determine how to implement an Executive Order pertaining to the reinstatement of service members discharged under the vaccine. Order [ECF 60]. Approximately three months later, on May 22, 2025, the Court granted the government's motion for a voluntary remand to the Army Board for Correction of Military Records, Air Force Board for Correction of Military Records, and Board for Correction of Naval Records and a further stay of proceedings. Op. & Order [ECF 68]. The Court remanded the plaintiffs' cases to the respective military boards on June 16, 2025, and stayed further proceedings pending the remands. Remand Order [ECF 70].

On December 23, 2025, the plaintiffs filed the motion currently before the Court—a motion to join 760 additional service members to the case. Pls.' Mot. to Join [ECF 100]. The government partially opposed the motion, not on the grounds that joinder was inappropriate but rather because it sought "a minimum of 90 days to allow the Military Departments to continue to work to solidify their proactive measures designed to uniformly and expeditiously address claims related to discharges related to refusal to receive vaccinations in accordance with the now-rescinded COVID-19 vaccine mandate." Def.'s Resp. [ECF 103] at 1. On February 5, 2026, the Court found as moot the plaintiffs' MJAR/MSJ and the defendant's cross-MJAR. Order [ECF 104]. Shortly thereafter, on February 23, 2026, the Court set a new MJAR briefing schedule for those plaintiffs who seek to challenge the respective military board's final decision, Order [ECF 109], which it amended on February 27, 2026, Order [ECF 111].

On March 19, 2026, the Court held a status conference with the parties on the plaintiffs' pending joinder motion. During the status conference, the government reiterated that it did not oppose the joinder of the additional plaintiffs and that, although the military branches were working to develop new procedures for processing service members' applications for relief, it could not predict when such procedures would be finalized. Additionally, the plaintiffs confirmed that the parties were working together to determine the most efficient way to process their claims, to include voluntary remands of the newly joined parties' claims to the respective military boards. The plaintiffs further confirmed that, if an individual plaintiff was satisfied with the relief afforded by the appropriate military board, he or she would voluntarily move to have his or her case dismissed.

Rule 20 provides as follows:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

RCFC 20(a)(1). "As advised by the Rules Committee, "[t]he joinder of additional plaintiffs should proceed by appropriate motion under RCFC 15." RCFC 20 rules committee's note to 2002 amendment." *Bell v. United States*, No. 13-455L, 2016 WL 3172401, at *2 (Fed. Cl. June 6, 2016) (*sua sponte* granting the plaintiffs leave to file an amended complaint to add another plaintiff under Rule 15(a)(2)). Under Rule 15, a plaintiff may amend its complaint "only with . . . the court's leave. The court should freely give leave when justice so requires." RCFC 15(a)(2). In the instant case, although the plaintiffs' joinder motion is not opposed, the Court notes that Rule 20's requirements have been met. First, the plaintiffs' asserted right to relief arises out of the same series of occurrences; in a nutshell, their right to relief arises out of the Secretary of Defense's August 24, 2021, COVID-19 vaccine mandate and his January 10, 2023, rescission of the mandate. First Am. Compl. [ECF 21] ¶¶ 1, 4. Next, despite differences between them, all the plaintiffs allege a violation of 10 U.S.C § 1107, *id.* ¶ 6, which states that "[w]henever the Secretary of Defense requests or requires a member of the armed forces to receive an investigational new drug or a drug unapproved for its applied use, the Secretary shall provide the

member with notice containing [certain specified] information."[1] Accordingly, the Court finds that allowing the plaintiffs to join additional service members to this case is appropriate and, therefore, **GRANTS** the plaintiffs' joinder motion, [ECF 100]. The following is hereby **ORDERED**:

- The plaintiffs **SHALL FILE**, **by April 10, 2026**, a second amended complaint adding the names of the newly joined plaintiffs.

- The parties **SHALL FILE**, **by May 1, 2026**, a joint status report regarding further proceedings for the newly joined plaintiffs

    **IT IS SO ORDERED.**

s/ Thompson M. Dietz
Thompson M. Dietz, Judge

---

[1] In addition, the plaintiffs state that "a high-percentage of these same additional Service Members, likely in the range of 75%, also have a Military Pay Act claim premised on the violation of the Religious Freedom Restoration Act ('RFRA'), which is the third cause of action in [p]laintiffs' first amended complaint." [ECF 100] at 4.