# In the United States Court of Federal Claims

No. 23-211
(Filed: May 6, 2026)

```
*************************************
NICHOLAS BASSEN, et al.,            *
                                    *
            Plaintiffs,             *
                                    *
    v.                              *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
*************************************
```

## REMAND ORDER

On March 30, 2026, the Court granted the plaintiffs' motion to join 760 additional service members to the case. Order [ECF 120] at 3. Additionally, the Court ordered the plaintiffs to file a second amended complaint adding the names of the newly joined service members by April 10, 2026, and ordered the parties to file a joint status report regarding further proceedings by May 1, 2026. *Id.* The plaintiffs filed their second amended complaint on April 10, 2026, Second Am. Compl. [ECF 123], and the parties filed a joint status report on May 1, 2026, Joint Status Report [ECF 127].

In the joint status report, the plaintiffs proposed that their counsel "provide a list of the names of 100 additional plaintiffs [whose cases will] be remanded to each of their respective service correction boards for analysis," *id.* at 1, and that "[f]or each plaintiff, their counsel [] provide a shortened records correction package . . . showing that each servicemember has entitlement to relief in this Court under at least Claim I (10 USC §1107a) and also (possibly) under Claim II ([Religious Freedom Restoration Act])," *id.* at 2. Also, the plaintiffs proposed "that each month, beginning on June 1 and every month thereafter, counsel will provide a new list of the next additional 100 names until such time as the entire list is exhausted (if not subsequently amended to add more members)," *id.* at 2-3, and that "[f]or each list of 100 names, the correction boards should have 75 days to provide the proposed corrective relief for each servicemember, after which the parties will provide notice under [Rule 52.2 of the United States Court of Federal Claims ("RCFC")] within 30 days whether the relief is acceptable or whether further proceedings are necessary," *id.* at 3.

The government countered that "it would be more detrimental than helpful for the Court to impose arbitrary deadlines by which the various military boards are to complete their review," *id.* at 4, and further argued "that the various military boards are working with all deliberate speed to resolve all cases . . . that the various military branches continue to implement new policies and guidance and the boards are developing new procedures to expedite processing of the numerous claims . . . [and] that the imposition of an unrealistic 75-day timeframe in which to resolve new claims submitted by plaintiffs' counsel—if imposed by the Court—will result in numerous,

repeated requests for extensions by the United States," *id.* at 5. The government instead proposed submitting "routine status reports." *Id.*

Upon consideration of the parties' joint status report and pursuant to RCFC 52.2(b), this case is remanded to: (1) the to the Army Board for Correction of Military Records, (2) the Air Force Board for Correction of Military Records, and (3) the Board for Correction of Naval Records with the following directions:

1.   By the first of each month—beginning on June 1, 2026, and ending at such time as the current list of names is exhausted (if not subsequently amended by the addition of more names)—the plaintiffs shall, through counsel, provide the government with a list of the names of 100 additional plaintiffs whose cases will be remanded to the respective service correction boards for analysis. Along with the list of 100 names, the plaintiffs must also, through counsel, submit 100 corresponding applications for the correction of military records with the appropriate military boards, attaching any relevant evidence that the plaintiffs wish the military boards to consider.[1]

2.   The military boards shall review each plaintiff's application for correction of military records and all evidence attached. The military boards shall consider each application in light of the Court's May 22, 2025, Opinion and Order, which requires consideration of how Executive Order 14184 and subsequent DoD guidance affects the validity of the actions by the Army, Air Force, and Marine Corps at issue in this case. The military boards shall complete their review of each application within 5 months from the date the application was received.[2]

3.   Under RCFC 52.2(b)(1)(C), the Court **STAYS** all proceedings in this matter during the remand period and until further order of the Court. The Court will retain jurisdiction over this case during the remand period.

4.   Under RCFC 52.2(b)(1)(D), the government shall file a detailed status report— beginning on July 1, 2026, and continuing until the military boards issue a decision for each plaintiff's claim—every 30 days during the remand period concerning the progress of each application.

5.   Under RCFC 52.2(d), the military boards shall promptly forward their decisions by email to the plaintiffs' counsel of record and to counsel of record for the United States and shall forward two copies to the Clerk of the Court.

---

[1] The plaintiffs may satisfy the requirement to provide the government with 100 applications by the first of each month in a single delivery or on a rolling basis. The parties are encouraged to confer and agree on an orderly process for the monthly delivery of the applications.

[2] RCFC 52.2(b)(1)(B) provides: "An order remanding a case must . . . establish the duration of the remand period, not to exceed 6 months."

2

6.      Under RCFC 52.2(e)(1), each party shall file a notice, within 30 days of the final military board decision, indicating their respective positions on "(A) whether the [military boards' decisions] affords a satisfactory basis for disposition of the case; or (B) whether further proceedings before the court are required and, if so, the nature of such proceedings."

7.      The Clerk of the Court shall serve a copy of this order along with a copy of the Court's May 22, 2025, Opinion and Order on the military boards as follows:

> Mr. Joseph Lister
> Director
> Army Review Boards Agency
> 251 18th Street South, Suite 385
> Arlington, VA 22202-3531
>
> Dr. Carrie Baker
> Executive Director
> Air Force Board for Correction of Military Records
> SAF/MRBC (AFBCMR)
> 3351 Celmers Lane
> Joint Base Andrews, MD 20762-6435
>
> Ms. Elizabeth Hill
> Executive Director
> Board for Correction of Naval Records
> 701 S. Courthouse Rd. Suite 1001
> Arlington, VA 22204-2490

**IT IS SO ORDERED.**

s/ Thompson M. Dietz

Thompson M. Dietz, Judge

3